IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
GALVESTON DIVISION

| | | |
|---|---|---|
| SCANDINAVIAN BUNKERING AS, | § § § | |
| Plaintiff | § § | |
| v. | § § | CIVIL ACTION NO. _____ |
| | § § | ADMIRALTY |
| NORFIELD SHIPPING AS, | § § § | |
| Defendant | § § | |

## VERIFIED COMPLAINT

Plaintiff, Scandinavian Bunkering AS (hereafter "Scandinavian"), through undersigned counsel, files this Verified Complaint against defendant, Norfield Shipping AS, as successor-in-interest by merger to Norfield Offshore AS (hereafter "Norfield"), *in personam*, for damages, maritime attachment and garnishment of property of Norfield, and respectfully represents upon information and belief as follows:

1.

This is an admiralty and maritime claim within this Court's admiralty jurisdiction pursuant to 28 U.S.C. § 1333, Rule B of the Supplemental Rules for Certain Admiralty and Maritime Claims of the Federal Rules of Civil Procedure, and Federal Rule of Civil Procedure 9(h).

2.

Venue is proper in this Court in accordance with Rule B as Norfield has, upon information and belief, property in this District in the form of the oceangoing vessel M/V BERGEN SURVEYOR, IMO No. 7102376, and her engines, tackle, equipment, furniture, appurtenances, etc, hereafter the "BERGEN SURVEYOR", which vessel is or will be within the

{N0725372 -}

physical jurisdiction of this Court upon its call at the Port of Galveston at or near Galveston, Texas, during the pendency of this action.

3.

At all material times, Scandinavian was and is a corporation organized under the laws of Norway, with its principal place of business in Norway.

4.

Upon information and belief, Norfield was and is a corporation organized under the laws of Norway, with its principal place of business also in Norway, and was and is currently the registered owner of the BERGEN SURVEYOR.

5.

Undersigned counsel for Scandinavian has contacted the Secretary of State, State of Texas and verified that neither Norfield Shipping AS, nor its predecessor-in-interest by merger, Norfield Offshore AS are registered to do business within the State of Texas nor have they appointed any registered agent for service of process.

6.

At all material times Norfield Offshore AS, was the registered owner of the BERGEN SURVEYOR, as well as the oceangoing vessel M/V MALENE ØSTERVOLD, IMO No. 6415051, hereafter the "MALENE ØSTERVOLD", and the oceangoing vessel M/V OCEAN PEARL, IMO No. 9125140, hereafter the "OCEAN PEARL". Subsequent to its merger into Norfield Offshore AS, Norfield Shipping AS is the registered owner of the BERGEN SURVEYOR, the MALENE ØSTERVOLD and the OCEAN PEARL.

## UNPAID BUNKERS SOLD AND DELIVERED TO THE MALENE ØSTERVOLD

7.

Scandinavian contracted to provide bunkers and related services to the MALENE ØSTERVOLD in Killybegs in County Donegal, Ireland. This contract to purchase bunkers is evidenced by three Bunker Confirmations, true and correct copies of which are attached *in globo* as Exhibit A, as well as the Bunker Delivery Receipts for the MALENE ØSTERVOLD dated August 27, September 17 and September 25 of 2012, true and correct copies of which are attached *in globo* as Exhibit B, as well as Scandinavian Bunkering Terms and Conditions, November 2010 edition, a true and correct copy of which is attached as Exhibit C, hereafter "General Terms", which General Terms were incorporated by reference in each of the foregoing Bunker Confirmations and Bunker Delivery Receipts. A true and correct copy of the reverse of the Bunker Delivery Receipts issued to the MALENE ØSTERVOLD is attached as Exhibit D.

8.

In accordance with the corresponding Bunker Confirmation, the MALENE ØSTERVOLD accepted 202.15 cubic meters of MGO marine bunkers from Scandinavian on or about August 27, 2012. The bunker deliveries were made on behalf of Scandinavian by Donegal Oil Company, at a total price of US$ 200,532.80.

9.

In accordance with the corresponding Bunker Confirmation, the MALENE ØSTERVOLD accepted 100.00 cubic meters of MGO marine bunkers from Scandinavian on or about September 17, 2012. The bunker deliveries were made on behalf of Scandinavian by Donegal Oil Company, at a total price of US$ 105,100.00.

10.

In accordance with the corresponding Bunker Confirmation, the MALENE ØSTERVOLD accepted 250.00 cubic meters of MGO marine bunkers from Scandinavian on or about September 25, 2012. The bunker deliveries were made on behalf of Scandinavian by Donegal Oil Company, at a total price of US$ 261,750.00.

11.

Each and every Bunker Delivery Receipt attached as Exhibit B was directed to the Owner and Master of the MALENE ØSTERVOLD.

12.

Norfield employed the Master or Chief Engineer who signed each and every bunker delivery receipt for bunkers provided to the MALENE ØSTERVOLD, and the vessel and her Master and Chief Engineer accepted the bunkers without objection or reservation.

13.

Paragraph 15 of the Bunker Delivery Receipts provides: "The Seller's other usual terms and conditions of sale also apply and acceptance of goods will be treated as an acceptance of the Seller's Conditions." (Exh. D, para. 15.) Moreover, each of the Bunker Confirmations provided "Apart from the above – mentioned terms, this delivery is subject to Scandinavian Bunkering's general terms and conditions." (Exh. A.)

14.

The sale and delivery of the marine fuels to Norfield and the MALENE ØSTERVOLD, as evidenced by the Bunker Confirmations and the Bunker Delivery Receipts, were subject to the General Terms.

15.

Under General Terms, Clause 2.5, the term "Customer" is defined to mean the entities named in the Confirmations together with the Vessel and its owners. (Exh. C, p. 2, cl. 2.5.) General Terms, Clause 1.1, defines Company to include Scandinavian. (Exh. C., p. 2.) Accordingly, the MALENE ØSTERVOLD and its registered owner, Norfield, fall within the definition of Customer. Norfield is therefore bound and obligated by the General Terms, which General Terms were incorporated in each of the Bunker Confirmations and the Bunker Delivery Receipts by express reference and adoption. See *One Beacon Ins. Co. v. Crowley Marine Servs., Inc.*, 648 F.3d 258, 269 (5th Cir. 2011).

16.

Specifically, the General Terms provided in relevant part, as follows:

"delivery shall always take place for the account of the registered owners and the owners stated in Lloyd's Register or Shipping and for the account of the current charterers all of whom shall be jointly and severally liable for the payment of the delivery as Customers. The Customer warrants that it is authorized to order the Product for delivery to the Vessel, and that the Company has a lien in the Vessel for its claim."

(Exh. C, p. 3, cl. 3.4.)

17.

Clause 16.2 of the General Terms provides as follows:

For the sole benefit of [Scandinavian] it is further agreed that [Scandinavian] without prejudice to any rights hereunder of [Scandinavian] or any claim raised pursuant to clause 16.1 above has the right to proceed against the Customer, any third party or the Vessel in such jurisdiction as [Scandinavian] in its sole discretion sees fit inter alias for the purpose of securing payment of any amount due to [Scandinavian] from the Customer or the Vessel Owner. <u>In such circumstances the proceedings shall be governed by the law (substantive and procedural) of such jurisdiction.</u>

(Exh. C, p. 10, cl. 16.2) (emphasis added).

18.

In filing this Verified Complaint, Scandinavian exercises its discretion to proceed against Norfield under the substantive laws of the General Maritime Law of the United States of America as well as the Commercial Instrument and Maritime Liens Act, 46 U.S.C. §§ 31303 *et seq*. and under the procedural laws of the Federal Rules of Civil Procedure, including the Supplemental Rules for Admiralty and Maritime Claims, as well as the Local Rules of the U.S. District Court for the Southern District of Texas.

19.

Scandinavian has paid Donegal Oil Company in full for the fuel delivered to the MALENE ØSTERVOLD in Killybegs on the above dates.

20.

As of this date, Norfield has failed to pay Scandinavian for the aforementioned bunkers and owes Scandinavian US$ 567,382.80 for the bunkers, fees and charges as aforesaid, which amount has not been paid in breach of the General Terms and Bunkering Delivery Receipts.

21.

Despite repeated amicable demand, Norfield has refused to honor its indebtedness to Scandinavian, thereby necessitating the filing of this Verified Complaint.

22.

Pursuant to General Terms, Clause 8.8, Norfield additionally owes contractual interest at a rate of two (2%) per month, compounded monthly, on the foregoing unpaid invoiced amounts until paid. (Exh. D, p. 6, cl. 8.8.)

23.

General Terms, Clause 9.3 provides, in pertinent part:

in the event of any other breach of the Agreement, the Company is entitled to claim compensation for all loss, expenses and damage thereby suffered and pursue such claim against both the Customer and the Vessel. The Customer agrees to pay any and all costs and expenses, legal fees and court costs incurred by the Company (i) in connection with the occurrence of any of the events listed in clause 9.1, or in the event of any other breach of this Agreement; (ii) to collect and obtain payment of any amount due to the Company, including but not limited to legal fees and court cost associated with enforcing a maritime lien, attachment, right of arrest, or other available remedy in law, equity or otherwise; and (iii) to recover any damages or losses suffered by the Company as a result of any breach by the Customer of any provision of the Agreement. The amounts referred to in this clause 9.3 shall become due and payable upon notice thereof from the Company.

(Exh. D, p. 7, cl. 9.3). Accordingly, Norfield agreed to be liable to Scandinavian for all costs, including attorney's fees, incurred in prosecuting and collecting this claim.

24.

As of the date of this filing, Norfield owes Scandinavian the following amounts for unpaid bunkers delivered to the MALENE ØSTERVOLD:

|   |   |   |
|---|---|---|
| A. | Invoices | US$ 567,382.80 |
| B. | Accrued Interest | 91,814.45 |
| C. | Accrued Attorney's Fees | 19,000.00 |
| **TOTAL** |   | **US$ 688,197.25** |

### UNPAID BUNKERS SOLD AND DELIVERED TO THE OCEAN PEARL

25.

Scandinavian contracted to provide bunkers and related services to the OCEAN PEARL in Killybegs in County Donegal, Ireland. This contract to purchase bunkers is evidenced by two Bunker Confirmations, true and correct copies of which are attached *in globo* as Exhibit E, as well as the Bunker Delivery Receipts for the OCEAN PEARL dated August 27 and September 26, 2012, true and correct copies of which are attached *in globo* as Exhibit F, as well as the

General Terms (Exh. C), which General Terms were incorporated by reference in each of the foregoing Bunker Confirmations and Bunker Delivery Receipts. A true and correct copy of the reverse of the Bunker Delivery Receipts issued to the OCEAN PEARL is attached as Exhibit D.

26.

In accordance with the corresponding Bunker Confirmation, the OCEAN PEARL accepted 300.00 cubic meters of MGO marine bunkers from Scandinavian on or about August 27, 2012. The bunker deliveries were made on behalf of Scandinavian by Donegal Oil Company, at a total price of US$ 297,600.00.

27.

In accordance with the corresponding Bunker Confirmation, the OCEAN PEARL accepted 260.00 cubic meters of MGO marine bunkers from Scandinavian on or about September 26, 2012. The bunker deliveries were made on behalf of Scandinavian by Donegal Oil Company, at a total price of US$ 272,220.00.

28.

Each and every Bunker Delivery Receipt attached as Exhibit F was directed to the Owner and Master of the OCEAN PEARL.

29.

Norfield employed the Master or Chief Engineer who signed each and every bunker delivery receipt for bunkers provided to the OCEAN PEARL, and the vessel and her Master and Chief Engineer accepted the bunkers without objection or reservation.

30.

Paragraph 15 of the Bunker Delivery Receipts provides: "The Seller's other usual terms and conditions of sale also apply and acceptance of goods will be treated as an acceptance of the

Seller's Conditions." (Exh. F, para. 15.) Moreover, each of the Bunker Confirmations provided "Apart from the above – mentioned terms, this delivery is subject to Scandinavian Bunkering's general terms and conditions." (Exh. E.)

31.

The sale and delivery of the marine fuels to Norfield and the OCEAN PEARL, as evidenced by the Bunker Confirmations and the Bunker Delivery Receipts, were subject to the General Terms.

32.

Under General Terms, Clause 2.5, the term "Customer" is defined to mean the entities named in the Confirmations together with the Vessel and its owners. (Exh. C, p. 2, cl. 2.5.) General Terms, Clause 1.1, defines Company to include Scandinavian. (Exh. C., p. 2.) Accordingly, the OCEAN PEARL and its registered owner, Norfield, fall within the definition of Customer. Norfield is therefore bound and obligated by the General Terms, which General Terms were incorporated in the Confirmations and the Bunker Delivery Receipts by express reference and adoption. See *One Beacon Ins. Co. v. Crowley Marine Servs., Inc*., 648 F.3d 258, 269 (5th Cir. 2011).

33.

Specifically, the General Terms provided in relevant part, as follows:

"delivery shall always take place for the account of the registered owners and the owners stated in Lloyd's Register or Shipping and for the account of the current charterers all of whom shall be jointly and severally liable for the payment of the delivery as Customers. The Customer warrants that it is authorized to order the Product for delivery to the Vessel, and that the Company has a lien in the Vessel for its claim."

(Exh. C, p. 3, cl. 3.4.)

34.

Clause 16.2 of the General Terms provides as follows:

For the sole benefit of [Scandinavian] it is further agreed that [Scandinavian] without prejudice to any rights hereunder of [Scandinavian] or any claim raised pursuant to clause 16.1 above has the right to proceed against the Customer, any third party or the Vessel in such jurisdiction as [Scandinavian] in its sole discretion sees fit inter alias for the purpose of securing payment of any amount due to [Scandinavian] from the Customer or the Vessel Owner. <u>In such circumstances the proceedings shall be governed by the law (substantive and procedural) of such jurisdiction.</u>

(Exh. C, p. 10, cl. 16.2) (emphasis added).

35.

In filing this Verified Complaint, Scandinavian exercises its discretion to proceed against Norfield under the substantive laws of the General Maritime Law of the United States of America as well as the Commercial Instrument and Maritime Liens Act, 46 U.S.C. §§ 31303 *et seq*. and under the procedural laws of the Federal Rules of Civil Procedure, including the Supplemental Rules for Admiralty and Maritime Claims, as well as the Local Rules of the U.S. District Court for the Southern District of Texas.

36.

Scandinavian has paid Donegal Oil Company in full for the fuel delivered to the OCEAN PEARL in Killybegs on the above dates.

37.

As of this date, Norfield has failed to pay Scandinavian for the aforementioned bunkers and owes Scandinavian US$ 569,820.00 for the bunkers, fees and charges as aforesaid, which amount has not been paid in breach of the General Terms and Bunker Delivery Receipts.

38.

Despite repeated amicable demand, Norfield has refused to honor its indebtedness to

Scandinavian, thereby necessitating the filing of this Verified Complaint.

39.

Pursuant to General Terms, Clause 8.8, Norfield additionally owes contractual interest at a rate of two (2%) per month, compounded monthly, on the foregoing unpaid invoiced amounts until paid. (Exh. D, p. 6, cl. 8.8.)

40.

General Terms, Clause 9.3 provides, in pertinent part:

> in the event of any other breach of the Agreement, the Company is entitled to claim compensation for all loss, expenses and damage thereby suffered and pursue such claim against both the Customer and the Vessel. The Customer agrees to pay any and all costs and expenses, legal fees and court costs incurred by the Company (i) in connection with the occurrence of any of the events listed in clause 9.1, or in the event of any other breach of this Agreement; (ii) to collect and obtain payment of any amount due to the Company, including but not limited to legal fees and court cost associated with enforcing a maritime lien, attachment, right of arrest, or other available remedy in law, equity or otherwise; and (iii) to recover any damages or losses suffered by the Company as a result of any breach by the Customer of any provision of the Agreement. The amounts referred to in this clause 9.3 shall become due and payable upon notice thereof from the Company.

(Exh. D, p. 7, cl. 9.3). Accordingly, Norfield agreed to be liable to Scandinavian for all costs, including attorney's fees, incurred in prosecuting and collecting this claim.

41.

As of the date of this filing, Norfield owes Scandinavian the following amounts for unpaid bunkers delivered to the OCEAN PEARL:

| | | |
|---|---|---:|
| D. | Invoices | US$ 569,820.00 |
| E. | Accrued Interest | 93,324.40 |
| F. | Accrued Attorney's Fees | 25,000.00 |
| **TOTAL** | | **US$ 688,144.00** |

## REQUEST FOR ATTACHMENT OF THE BERGEN SURVEYOR
## PURSUANT TO SUPPLEMENTAL ADMIRALTY RULE B

42.

Upon information and belief, Norfield cannot be found within this District but has or will have property within this District, including, but not limited to, the BERGEN SURVEYOR, which vessel is presently, or shortly will be, within this District.

43.

Pursuant to Rule B of the Supplemental Rules for Admiralty and Maritime Claims of the Federal Rules of Civil Procedure, Scandinavian is entitled to attach all of Norfield's property within this District, including, but not limited to, the BERGEN SURVEYOR to satisfy Scandinavian's claims, as well as other costs taxable to Norfield as a result of Scandinavian's having to bring this action, including but not limited to pre-judgment interest, costs, expenses, and attorneys' fees.

44.

Pursuant to the Local Rules of this Court, Scandinavian agrees to release and hold harmless and indemnify the United States of America, the United States Marshal, their agents, servants, employees, and all others from whom they are responsible, from any and all liability or responsibility for claims arising from the attachment of the aforesaid BERGEN SURVEYOR, and all property of Norfield aboard that vessel if located within this District.

All and singular the foregoing premises are true and correct within the admiralty jurisdiction of this Honorable Court.

**WHEREFORE**, plaintiff, Scandinavian Bunkering AS, prays:

1. That this Verified Complaint be deemed good and sufficient;

2. That process in due form of law according to the rules and practices of this Court may issue against Norfield Shipping AS, requesting it to appear and answer all singular the matters aforesaid;

3. That because Norfield is a foreign corporation which cannot be found within this District, is not qualified to do business in the State of Texas, and has no agent for the service of process, that all of Norfield's goods, chattels, funds, credits, money and other assets or property found within this District, including the M/V BERGEN SURVEYOR, IMO No. 7102376 be attached to satisfy the sum of Scandinavian's claims up to the amount of $1,376,341.25, plus attorneys' fees, costs, expenses, and pre-judgment interest, all pursuant to Rule B of the Supplemental Rules for Certain Admiralty and Maritime Claims of the Federal Rules of Civil Procedure, including the fees and costs of the United States Marshall;

4. That this Court issue a Writ of Maritime Attachment and Garnishment of all property of Norfield in this District to the Master of the M/V BERGEN SURVEYOR;

5. That this Court retain the attached property and/or the proceeds of sale as security pending adjudication of Scandinavian's claims against Norfield;

6. That any property attached in this proceeding be sold under the direction of this Court and the proceeds of the sale be deposited into the Registry of this Court;

7. That this Court retain jurisdiction over Norfield to attach its property found within the District in order to enter a judgment in favor of Scandinavian and against Norfield, *in personam*, in the amount of Scandinavian's claim and any additional

amounts owed, including, but not limited to, attorneys' fees, costs, expenses, and pre-judgment interest for Scandinavian's damages;

8. That this Court, after due proceedings are had, enter a judgment in favor of Scandinavian and against Norfield in the principal amount of US$ 1,376,341.25, and any additional amounts owed, including, but not limited to, attorneys' fees, costs, expenses, and pre-judgment interest for Scandinavian's damages; and

9. That this Court grant Scandinavian such other and further relief as may be just and proper.

Respectfully submitted:

*/s/ Joseph R. Messa*
**JOSEPH R. MESSA (#11346)**
**KING, KREBS & JURGENS, P.L.L.C.**
6363 Woodway, Suite 820
Houston, Texas  77057
Telephone:  (713) 334-5644
Facsimile:  (713) 334-5828
E-mail:  jmessa@kingkrebs.com

**and**

**JAMES D. BERCAW**
**BENJAMIN E. GONSOULIN**
**(Motion for admission *pro hac vice* to be filed)**
**KING, KREBS & JURGENS, P.L.L.C.**
201 St. Charles Avenue, 45th Floor
New Orleans, Louisiana  70170
Telephone:  (504) 582-3800
Facsimile:  (504) 582-1233
E-Mail:  jbercaw@kingkrebs.com
            bgonsoulin@kingkrebs.com

*Attorneys for Scandinavian Bunkering AS*

**PLEASE SERVE:**

**The Master of the M/V BERGEN SURVEYOR, IMO No. 7102376**
**And Issue a Writ of Attachment against the**
**M/V BERGEN SURVEYOR,**
**And all other property thereon belonging to defendant,**
**Norfield Shipping AS**

**PLEASE SERVE:**

**Norfield Shipping AS**
**Pursuant to the Texas Long Arm Statute,**
**Sections 17.041-17.045 of the Texas Civil Practice & Remedies Code**