IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF TEXAS

GALVESTON DIVISION

| | | |
|---|---|---|
| SCANDINAVIAN BUNKERING, A.S. | § | |
| | § | |
| V. | § | CIVIL ACTION NO. G-13-269 |
| | § | |
| NORFIELD SHIPPING, A.S. | § | |

**ORDER OF DEFERRAL**

Before this Court, by referral from the Honorable Gregg Costa, United States District Judge, is the matter of Defendant, Norfield Shipping, A.S.'s, (Norfield) request for attorney's fees related to its successful efforts to vacate the Rule B Attachment of its vessel the M/V BERGEN SURVEYOR by Plaintiff, Scandinavian Bunkering, A.S. (Scandinavian). The matter has been adequately briefed and argued, but, for the reasons expressed herein, the Court prefers to withhold any recommendation at this time.

The factual predicate underlying this dispute was set forth in this Court's Report and Recommendation of October 3, 2013, and need not be repeated here. It will suffice that following the oral arguments presented by the Parties during a Hearing on April 9, 2014, this Court thoroughly reexamined, *de novo*, the findings and conclusions it previously expressed, concerning the alleged existence of a contractual relationship between Scandinavian and Norfield sufficient to justify the attachment, and it remains convinced that those findings and conclusions are correct. As a result, the only issues to be currently decided are whether

Scandinavian's conduct in this litigation justifies and merits an award of attorney's fees to Norfield.

The Court is having current difficulty deciding these issues because of its perceived tension in what seems to be applicable law.  Over 190 years ago in THE APOLLON, 22 U.S. (1 Wheat.) 362, 379 (1824), the United States Supreme Court, in a case factually similar to this one, observed that "the party who seizes, seizes at his peril," and awarded attorney's fees after a vessel arrest was vacated as legally unjustified and not otherwise excusable as objectively reasonable; the Supreme Court did not expressly require a finding of bad faith.  THE APOLLON still appears to be "good law," but the Fifth Circuit, nonetheless, has "required bad faith or malice long since the THE APOLLON was decided." Cardinal Shipping Corp. v. M/S SEISHO MARU, 744 F.2d 461, 475 (5th Cir. 1984) Fortunately, for this Court, a decision does not need to be made today.

Since the April 9 hearing, Norfield has filed a Motion to Vacate the Rule C arrests of its vessels M/V OCEAN PEARL and M/V MALENE OSTERVOLD and to dismiss Scandinavian's related complaints; Norfield is also seeking attorney's fees, at least in part, because of Scandinavian's persistent reliance on its alleged contractual relationship with Norfield.  In addition, Scandinavian has filed a Motion for Partial Summary Judgment to establish the amounts allegedly owed it, under the contract, by Norfield.  A cursory review of those Motions has led the Court to conclude that after those Motions are ruled upon it may

be in a better position to assess whether Scandinavian's litigation conduct may merit a finding of bad faith.

It is, therefore, **ORDERED** that the Court **WILL DEFER** a ruling on Norfield's request for attorney's fees until the pending Motions are resolved.

**DONE** at Galveston, Texas, this ____27th____ day of May, 2014.

John R. Froeschner
United States Magistrate Judge